UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CHERYL FENWICK, :
as next friend and mother of minor child, M.F., :
    Plaintiff, :
3213 D St., SE :
v.  Washington, DC 20019 : CASE #:
(202) 575-0757 :
UNITED STATES OF AMERICA :
  :
And :
  :
ANDREW PUDIMOTT :
  :
And :
  :
JEREMY FISCHER :
  :
And :
  :
JOHN MICKLE :
  :
    Defendants. :

## COMPLAINT

**JURISDICTION AND VENUE**

1. This is an action for damages for unlawful violations of M.F.'s civil rights, by his next friend and mother, Cheryl Fenwick, under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388; 91 S.Ct. 1999; 29 L.Ed.2d 619 (1971,)* Fourth Amendment of the USA Constitution, and 28 U.S.C.A. §§ 1346(b), 2671, et seq. ("Federal Torts Claim Act"); and 28 USCA 2680.

2. Jurisdiction is proper under 28 U.S.C.A. § 1331.

3. Venue is proper under 28 U.S.C.A. § 1391(b) because substantial part of the events or omissions giving rise to the claim occurred in this judicial district of the District of Columbia.

4. Plaintiff sent form 95 notifying U.S. Marshal Service of Plaintiff's claim on or about January 27, 2007. Defendants have sent no formal denial to Plaintiff's claim to the best of Plaintiff's knowledge.

**PARTIES**

5. Plaintiff, Cheryl Fenwick, as next friend and mother of M.F., is a citizen of the United States and a resident of District of Columbia.

6. Defendants, Jeremy Fischer, Andrew Pudimott, and John Mickle ("Defendant officers"), are United States Marshals ("USMS") employed by Defendant United States and were at all times material hereto acting within the scope of their employment and under color of federal law.

7. United States, at all times material hereto, was the employer of and responsible for the hiring, training, supervision, retention, and continued employment of all United States Marshals.

**FACTS COMMON TO ALL COUNTS**

8. At all times material hereto, M.F. was 16 years old, a citizen of the United States, and a resident of the District of Columbia.

9. Events material hereto occurred on January 3, 2007 at or around 2:00 P.M.

10. Events material hereto occurred at 4217 4th Street SE, Washington, D.C.

11. At all times material hereto, M.F. was lawfully on the premises located at 4217 4th Street SE, Washington, D.C.

12. At all times material hereto, Defendant officers were US Marshals assigned to the District of Columbia Superior Court.

13. At all times material hereto, Defendant officers' immediate duties were merely to serve court orders and evictions.

14. At all times material hereto, Defendant officers were at 4219 4th Street SE, Washington, D.C., an adjacent building, executing an eviction.

15. At all times material hereto, Defendant officers were at said address to prevent the interference in said eviction.

16. At all times material hereto, Defendant officers had no information from the police dispatcher or any other source suggesting that M.F. was a felon or, in any way, a danger to officers or the public at large.

17. At all times material hereto, M.F. did not interfere with or was even near the unit being evicted.

18. At all times material hereto, no weapon was found or seen on the person of M.F. or in the vehicle which M. F. was operating. M.F. engaged in no conduct which would raise the suspicion that he was about to use any weapon that would create in the mind of a reasonable officer that the fear of bodily hard was imminent.

19. At all times material hereto, the residence upon which the eviction was to be served had been vacant and thus the Defendant officers were not in any reasonable fear or apprehension of bodily harm nor were they in fear of any imminent danger.

20. At all times material hereto, Defendant officers were armed with USMS-issued Glock 22 handguns.

21. At the time material hereto, M.F. drove a green 1993 Lincoln Mark VIII into the parking lot of 4217 4th Street SE, Washington, D.C.

22. At the time material hereto, M.F. exited said vehicle and proceeded in the direction of said address.

23. After returning from the building located at 4217 4th Street SE, M.F. entered the entry code into said vehicle thereby gaining entry. There was no indication that M.F. was stealing a car as he knew the access code and easily gained entry to said vehicle.

24. Defendant officers had not received any dispatch information nor did they have any personal knowledge that would suggest that M.F. was wanted by the police.

25. Defendant officers interfered with the M.F.'s right to move about freely. M.F. was lawfully on the premises and had a right to leave the residential complex unassailed at the time of the shooting. He was not under arrest nor did he have any reason to believe he was under arrest.

26. M.F. entered said vehicle and was in the process of leaving the premises.

27. Two of the Defendant Officers rushed the rear of the vehicle and one officer remained on the other side of the parking lot.

28. Officer Pudimott violated reasonable standards of care by going from the rear of the vehicle to the front of the oncoming path of the vehicle when he clearly could have avoided placing himself in the path of the front of the vehicle.

29. Defendant officers Fischer and Pudimott subsequently fired rounds from their service weapons at M.F. and hit M.F. four (4) times. Other shots were fired at M.F. which did not hit their mark. After the said shooting, Defendants Fischer and Pudimott condoned, covered up and engaged in a conspiracy to hide the misdeeds of themselves and their fellow officers.

30. Plaintiff was struck by Defendant officers' bullets just above the collar bone, the left side of his neck, right shoulder and the head. M.F. continues to suffer from serious permanent and painful injuries as well as pronounced disfiguring scars.

31. Defendant officer Mickle did not fire his service weapon but encouraged, condoned, covered up and entered into a conspiracy to hide the misdeeds of his fellow officers.

32. During the aforesaid time and place, Defendant officers were not injured.

33. At all times material hereto, The Constitution of the United States of America, Amendment IV, ("Fourth Amendment") provided, in pertinent part, "The right of the people to be secure in their persons. . . against unreasonable searches and seizures..."

34. At all times material hereto, Defendant officers and United States had a duty under the Fourth Amendment of the United States Constitution to refrain from the use of excessive force in investigating any criminal offense M.F. may have been guilty of and in taking M.F. into custody.

35. At all times material hereto, USMS policy mandated that minimal force be used to effectuate arrests.

36. At all times material hereto, USMS policy mandated that the use of force be objectively reasonable.

37. At all times material hereto, USMS policy prohibited officers from firing at moving vehicles or occupants thereof absent a reasonable belief of imminent danger to officers or the public.

38. After unlawfully shooting M.F. thereby causing him to sustain severe and permanent injuries, which resulted in significant scarring. M.F. fled the subject premises to escape the continued unlawful force.

## COUNT ONE
### CLAIM FOR DAMAGES PURSUANT TO *BIVENS* AGAINST DEFENDANT OFFICERS FOR THE USE OF EXCESSIVE FORCE

39. Plaintiff incorporates by reference the allegations contained in paragraphs one through thirty-eight.

40. Plaintiff, Cheryl Fenwick, as next friend and mother of M.F., by and through attorney, Kevin Borland, as and for her complaint against Defendant officers, alleges:

    A. At the time of the shooting, Defendant officers acted in the absence of any reasonable, individualized suspicion that any M.F. was guilty of any crime justifying the use of a firearm by said Defendants.

    B. The deadly force used by the Defendant officers was neither necessary or justified by any conduct of M.F. Further, the Defendant officers had neither probable

cause nor reasonable suspicion that M.F. had committed any crime; or that he presented a threat of serious bodily harm or death to Defendant Officers.

C. As a direct and proximate result of the Defendant officers' aforesaid unlawful and malicious conduct, committed under color of federal law, M.F. suffered grievous bodily harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth Amendment as applied in *Bivens*.

D. As a direct and proximate result of Defendant officers' actions, M.F. suffered physical injury, and was forced to endure great physical pain and mental suffering and continues to suffer serious permanent and painful injuries as well as scaring.

E. M.F. continued to suffer at the hands of the conspirators as M.F. was restrained to a hospital bed in a very painful position, was denied access to his mother, and denied access to his attorney while in the hospital beyond any reasonable period of detention as set forth under D.C. law.

WHEREFORE, Plaintiff demands judgment against Defendant officers, jointly and severally, in the sum of $10,000,000, Ten Million Dollars plus $100,000,000, One Hundred Million Dollars, in punitive damages, and such other and future relief as the Court may deem just and proper. Plaintiff demands jury trial.

## COUNT TWO
### CLAIM FOR DAMAGES UNDER FEDERAL TORT CLAIMS ACT AGAINST UNITED STATES AND FOR VIOLATIONS OF DEFENDANT OFFICERS OF DISTRICT OF COLUMBIA LAW INCLUDING BATTERY, ASSAULT AND FALSE IMPRISONMENT

41. Plaintiff incorporates by reference the allegations contained in paragraphs one through thirty-eight.

42. Plaintiff, Cheryl Fenwick, as next friend and mother of M.F., by and through attorney, Kevin Borland, as and for her complaint against Defendant United States, alleges that under the Federal Tort Claims Act, the Defendant United States is liable for the above described actions of the individual Defendant officers as they were acting as law enforcement officials and within the scope of their employment at the time of the incident. Further, a private person would be liable to the Plaintiff under the laws of DC for the tortuous acts set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant officers, jointly and severally, in the sum of $10,000,000, Ten Million Dollars, and such other and future relief as the Court may deem just and proper.

___Cheryl Fenwick / for M.F.___
Complainant – Cheryl A. Fenwick, Mother and next friend of M. F.

___M. F.___
Initial of M.F.

Respectfully submitted,

___[signature]___

Kevin Borland, Esq.
Law Office of David Shurtz
3017C Clarendon Boulevard
Arlington, VA 22201
(703) 528-4433 (office)
(703) 841-1087 (fax)

DC Bar No. 484989

kborland@alum.mit.edu

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Cheryl Fenwick

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11004
(EXCEPT IN U.S. PLAINTIFF CASES)

Washington, DC

## DEFENDANTS

United States of America, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kevin Byrland
2135 N. Monroe St. #401
Arlington, VA 22207

Case: 1:07-cv-02330
Assigned To : Friedman, Paul L.
Assign. Date : 12/28/2007
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ | ☒ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☒ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
4th Amendment, 28 USCA §§ 1346(b), 2671, 28 USCA 2680

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 110,000,000   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 12/28/07   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.