UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                       )
MICHAEL FENWICK,                                       )
                                                       )
              Plaintiff,                               )
                                                       )
       v.                                              )        Civil Action No. 07-2330 (PLF)
                                                       )
UNITED STATES OF AMERICA, et al.,                      )
                                                       )
              Defendants.                              )
_____ )


MEMORANDUM OPINION AND ORDER

              The Court held a status conference in this matter on May 28, 2015.  At the

conclusion of the status conference, the Court set forth the following schedule at the behest of

the parties.  The United States was directed to respond to plaintiff's motion for reconsideration

[Dkt. No. 69] on or before June 22, 2015.  Also by June 22, the United States was to file a

motion for the entry of judgment in favor of Deputy Marshals Pudimott and Fischer, which

would remove them from the case in their individual capacities.  By July 13, plaintiff was to file

a reply in support of his motion for reconsideration as well as a response to the United States'

motion for judgment.  See Transcript of Status Conference of May 28, 2015 [Dkt. No. 72], at

19-21.

              Plaintiff, by his motion for reconsideration, seeks to place video evidence before

the D.C. Superior Court in the hope of receiving new findings of fact regarding the events

underlying this case.  See Dkt. No. 69 at 3-4.  According to plaintiff's counsel, these new

findings could provide a basis for reconsidering the D.C. Circuit's mandate entitling the two

individual Deputy Marshals to qualified immunity.  See Fenwick v. Pudimott, 778 F.3d 133

(D.C. Cir. 2015).  This Court, without resolving plaintiff's motion, indicated at the status conference that it was unaware of any legal authority or procedure under which the Court could "remand" or "refer" this matter to the Superior Court in accordance with plaintiff's wishes.  See Transcript of Status Conference at 11.  The Court therefore suggested that plaintiff's counsel contact the Superior Court or the relevant judge's chambers to determine whether plaintiff's juvenile case might be reopened to permit the admission and evaluation of plaintiff's video evidence.  See id. at 11, 17-18.  In the meantime, while the pending motions were being briefed and plaintiff's counsel was pursuing his efforts in the Superior Court, the parties agreed to commence mediation proceedings.  See Mediation Referral Order (May 28, 2015) [Dkt. No. 70].  Finally, plaintiff's counsel agreed that as a courtesy to the government, counsel for plaintiff would keep government counsel apprised of anything filed in the Superior Court by emailing government counsel a copy of any such filing.  See Transcript of Status Conference at 18-19.

On June 22, the United States filed an opposition to plaintiff's motion for reconsideration, but neglected to file its motion for the entry judgment in favor of the two Deputy Marshals.  Plaintiff's July 13 reply brief pointed out the government's omission, see Dkt. No. 74 at 1-2, prompting the United States to submit a motion for leave to file a motion for the entry of judgment.  See Dkt. No. 75.  In its motion seeking leave, the United States noted plaintiff's opposition to the motion, but plaintiff has not yet filed a formal opposition.  Accordingly, the Court will direct the plaintiff to file any such opposition on or before August 14, 2015.  The United States may file a reply to plaintiff's opposition on or before August 21, 2015.

The parties also filed a joint status report on July 24, 2015.  See Dkt. No. 76.  Both sides wish to pursue settlement efforts, but the United States believes that dismissal of the

claims against the two Deputy Marshals could materially advance the prospects of settlement.

Plaintiff, however, asks the Court to stay any further action on the pending motions until a

medical lien issue can be resolved, which might affect settlement.  But plaintiff provides no

update regarding his efforts to place his video evidence before the Superior Court.  In the Court's

view, that information would be helpful in determining the future course of proceedings.

Accordingly, it is hereby

ORDERED that, on or before August 14, 2015, plaintiff shall submit any

opposition he wishes to file to the United States' motion [Dkt. No. 75] for leave to file a motion

for the entry of judgment in favor of Deputy Marshals Pudimott and Fischer; it is

FURTHER ORDERED that in addition to plaintiff's opposition, plaintiff shall, on

or before August 14, 2015, file a separate notice that provides an update regarding his efforts to

place video evidence before the D.C. Superior Court; and it is

FURTHER ORDERED that, on or before August 21, 2015, the United States

shall file any reply to the plaintiff's opposition to its motion for leave.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 7, 2015