UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL FENWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2330 (PLF) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Michael Fenwick's motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure [Dkt. 69] and motion to stay these proceedings [Dkt. 79].[1]  The Court will deny both motions. As to Fenwick's motion for reconsideration, the denial will be without prejudice so that he may continue in his attempt to reverse his juvenile adjudication in the District of Columbia Superior Court.

In his motion for reconsideration, Fenwick requests that this Court reconsider its opinion on summary judgment, Fenwick v. United States, 926 F. Supp. 2d 201 (D.D.C. 2013), a decision which the D.C. Circuit recently reversed in part on the issue of qualified immunity. See Fenwick v. Pudimott, 778 F.3d 133 (D.C. Cir. 2015).  Fenwick relies on Rule 60(b)(1), (2), or (3) and asserts mistake, newly discovered evidence, and fraud. See Mem. Recon. at 1.  Fenwick

---

[1] The papers considered in connection with the issues pending include Fenwick's Motion for Reconsideration [Dkt. 69]; Memorandum of Points and Authorities in Favor of Plaintiff's Motion for Reconsideration Pursuant to FRCP 60 ("Mem. Recon.") [Dkt. 69-2]; Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration [Dkt. 73]; Plaintiffs' [sic] Reply to Defendants Opposition to Plaintiff's Motion for Reconsideration [Dkt. 74]; Fenwick's Motion to Stay and Update as Dictated by This Court [Dkt. 79]; and Defendants' Opposition to Plaintiff's Motion to Stay [Dkt. 82].

argues that the mistake is the Superior Court's "inaccurate interpretation of the video," that the "new evidence is the frame by frame" video of his shooting that purportedly shows him "backing up" at the time defendants Pudimott and Fischer fired their weapons, and that the "fraud" is defendants allegedly lying to the Superior Court.  Id. at 2-3.

Fenwick relies on the wrong subsections of Rule 60(b).  On the record in this case, Fenwick must ground any potential Rule 60(b) motion in Rule 60(b)(5), which states in part that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceedings for the following reasons: . . . it is based on an earlier judgment that has been reversed or vacated."  FED. R. CIV. P. 60(b)(5).  As applied here, Fenwick could later file a Rule 60(b)(5) motion to reconsider this Court's "final judgment"—its opinion on summary judgment, Fenwick v. United States, 926 F. Supp. 2d 201 (D.D.C. 2013)—if and when he persuades the District of Columbia Superior Court to "reverse[] or vacate[]" its "earlier judgment" adjudicating him involved as to assault on a police officer.  This Court's opinion on summary judgment found that Heck v. Humphrey, 512 U.S. 477 (1994), bars Fenwick from attempting to prove facts in the present federal civil rights action that contradict those that Judge Broderick found in Fenwick's juvenile proceeding in Superior Court.  See Fenwick v. United States, 926 F. Supp. 2d at 218.  The D.C. Circuit has recognized that overturning the criminal conviction that is the basis for a Heck bar is a proper foundation for a Rule 60(b)(5) motion.  See In re Jones, 670 F.3d 265, 267-68 (D.C. Cir. 2012) (obtaining a reversal of his conviction allowed defendant previously subject to the Heck bar to "show that the dismissal of his civil suit was 'based on an earlier judgment that has been reversed or vacated,'" and "he might consider filing a motion in district court under FED. R. CIV. P. 60(b)(5)").  The Court therefore will deny without prejudice Fenwick's motion for reconsideration.

The Court will also deny Fenwick's motion to stay as unnecessary because Rule 60(b)(5) motions are not subject to Rule 60(c)(1)'s one-year time limit; they need only "be made within a reasonable time." FED. R. CIV. P. 60(c)(1); see 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIVIL § 2863, at 449 (3d ed. 2012) ("The one-year limit applicable to some of the grounds for relief in Rule 60(b) does not apply to Rule 60(b)(5)."). Rule 60's timing provisions therefore allow Fenwick all of the time he may need to attempt to reverse his juvenile adjudication in the District of Columbia Superior Court.

For the foregoing reasons, it is hereby

ORDERED that Fenwick's Motion for Reconsideration, Dkt. 69, is DENIED without prejudice; and it is

FURTHER ORDERED that Fenwick's Motion to Stay, Dkt. 79, is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 3, 2016