UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                         )
MICHAEL FENWICK,                              )
                                                         )
            Plaintiff,                                )
                                                         )
            v.                                          )        Civil Action No. 07-2330 (PLF)
                                                         )
UNITED STATES OF AMERICA, et al.,    )
                                                         )
            Defendants.                            )
_____ )

MEMORANDUM OPINION AND ORDER

            This matter is before the Court on Defendants Andrew Pudimott and Jeremy

Fischer's Motion for Entry of Judgment [Dkt. 86].  The Court will grant the motion.`

            Count I of plaintiff Michael Fenwick's Complaint seeks damages for alleged

violations of his Fourth Amendment rights and the common law torts of false imprisonment,

assault, and battery from three individual defendants — Deputy United States Marshalls Andrew

Pudimott, Jeremy Fischer, and John Mickle — under Bivens v. Six Unknown Agents of Fed.

Bureau of Narcotics, 403 U.S. 388 (1971).  Complaint ¶¶ 1, 39-40 [Dkt. 1].  Count II seeks

damages for the common law torts from the United States pursuant to the Federal Tort Claims

Act, 28 U.S.C. § 1346(b) ("FTCA").  Complaint ¶¶ 41-42.

            The Court previously dismissed the common law tort claims against the

individual officer defendants, but allowed all other claims to proceed to discovery.  Fenwick v.

United States, 691 F. Supp. 2d 108, 114 (D.D.C. 2010).  The Court then granted summary

judgment to the United States on Fenwick's FTCA claim for false imprisonment in Count II, and

to Deputy Mickle on Fenwick's Bivens claim in Count I, the only remaining claim against

Deputy Mickle.  Fenwick v. United States, 926 F. Supp. 2d 201, 223 (D.D.C. 2013).  But the

Court also denied summary judgment to Deputies Pudimott and Fischer on Fenwick's Bivens

claim in Count I because a genuine issue of material fact precluded the Court from determining

that they were entitled to qualified immunity.  Id. at 225-230.  The Court found that Heck v.

Humphrey, 512 U.S. 477 (1994), bars Fenwick from attempting to prove facts in the present

federal civil rights action that contradict those that Judge Broderick found in Fenwick's juvenile

proceeding in District of Columbia Superior Court.  Fenwick v. United States, 926 F. Supp. 2d at

218.  The D.C. Circuit reversed and remanded, finding that, "unlike the district court, we see no

genuine issue of material fact that precludes summary judgment for the deputies based on

qualified immunity" because Brosseau v. Haugen, 543 U.S. 194 (2004), "makes clear that the

deputies' use of deadly force violated no law that was clearly established at the time of the

shooting."  Fenwick v. Pudimott, 778 F.3d 133, 139 (D.C. Cir. 2015).

    On remand, Fenwick informed the Court that he had filed a petition asking the

Juvenile Division of the District of Columbia Superior Court to rehear his juvenile adjudication,

in order to upset the factual findings that are the basis for the Heck v. Humphrey bar.  See

Fenwick's Most Recent Update at 1-2 (Aug. 31, 2015) [Dkt. 80].  Also on remand, Deputies

Pudimott and Fischer move for the "[e]ntry of [j]udgment" and "dismiss[al]" of Count I with

prejudice.  See Motion for Entry of Judgment at 1 (Jan. 29, 2016) [Dkt. 86].  Fenwick opposes

the motion because he argues that dismissal should be "without prejudice" so that he can later

file a new complaint or motion for the Court to reconsider its opinion on summary judgment —

Fenwick v. United States, 926 F. Supp. 2d 201 (D.D.C. 2013) — pursuant to Rule 60(b)(5) of the

Federal Rules of Civil Procedure in the event that he obtains a reversal of his juvenile

adjudication in the District of Columbia Superior Court.  See Plaintiff Fenwick's Opposition at 2-4 (Mar. 11, 2016) [Dkt. 92].

As an initial matter, the issue of "prejudice" is only relevant if the Court chooses to dismiss the Bivens claim in Count I against Deputies Pudimott and Fischer, not if it enters judgment in their favor.  Here, the D.C. Circuit determined, on summary judgment following full discovery, that "it was not clearly established that the deputies violated the Fourth Amendment." Fenwick v. Pudimott, 778 F.3d at 139.  This was a full adjudication on the merits and it is now appropriate to enter judgment in favor of Deputies Pudimott and Fischer on the only remaining claim against them, the Bivens claim in Count I.  In any event, Fenwick cannot file a new complaint because "res judicata generally prevents parties from relitigating issues that were or could have been raised in a prior action."  See Lauterbach v. Huerta, No. 15-1163, 2016 WL 1104793, at *4 (D.C. Cir. Mar. 22, 2016) (internal citation and quotation marks omitted).  Nor is there any need for him to file a new complaint.  As the Court previously explained, Fenwick has "all of the time he may need to attempt to reverse his juvenile adjudication in the District of Columbia Superior Court," a precondition to his filing a Rule 60(b)(5) motion for reconsideration in this Court.  Memorandum Opinion and Order at 2-3 (Feb. 3, 2016) [Dkt. 87]; see also Memorandum Opinion and Order at 1 (Feb. 29, 2016) [Dkt. 90].

For the foregoing reasons, it is hereby

ORDERED that Defendants Pudimott and Fischer's Motion for Entry of Judgment [Dkt. 86] is GRANTED; it is

FURTHER ORDERED that judgment is entered for Deputy Pudimott on Count I of Fenwick's Complaint; and it is

FURTHER ORDERED that judgment is entered for Deputy Fischer on Count I of Fenwick's Complaint.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 24, 2016